UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI SERENE OPAL MEEKS,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2: 22-cv-0472 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is former county prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges violations of her constitutional rights related to her criminal proceedings. The court's own records reveal that on March 14, 2022, plaintiff filed a complaint containing virtually identical allegations. (2:22-cv-0471 JDP). Due to the duplicative nature of these claims, plaintiff's claims alleging violations of her constitutional rights related to her criminal

proceedings should be dismissed as duplicative of the claims raised in 2:22-cv-0471 JDP.

Plaintiff's complaint includes one claim not raised in 2:22-cv-0471 JDP. The undersigned addresses this claim herein.

Plaintiff alleges that she was distraught and mentally unstable at the time of her crime. (ECF No. 1 at 5.) Plaintiff alleges that she should have been taken to Behavioral Health Crisis Unit upon being detained. (Id.) Instead, plaintiff alleges that she was taken to the Butte County Jail where she attempted to hang herself with a sheet in a single cell. (Id.)

Named as defendants in this action are the Butte County Sheriff's Department and the Butte County Judicial Team. (Id. at 2.) It appears that plaintiff's claims against the Butte County Judicial Team concern the duplicative claims challenging plaintiff's criminal proceedings. For the reasons stated herein, the undersigned finds that plaintiff has not stated a potentially colorable claim for relief against defendant Butte County Sheriff's Department based on her claim that she should have been taken to the Behavioral Health Crisis Unit.

Plaintiff cannot state a 42 U.S.C. § 1983 claim against the Butte County Sheriff's Department because that entity is not a "person" within the meaning of § 1983. See Tsao v. Desert Palace, 698 F.3d 1128, 1138 (9th Cir. 2012) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); Johnson v. County of San Diego, 2020 WL 5630503, at *3 (S.D. Cal. 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.").

Plaintiff may name Butte County as a defendant rather than the Butte County Sheriff's Department. The undersigned herein sets forth the legal standard for claims against municipalities, such as Butte County.

Under Section 1893, "local governments are responsible only for 'their own illegal acts.'" Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Vicarious liability does not attach. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978)). Under Monell, 436

U.S. at 692, liability attaches to a municipality or other local government only where "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."

In order to state a claim against Butte County, plaintiff must allege that: (1) she was deprived of a constitutional right, (2) Butte County has a policy, custom or practice; 3) the policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy, custom, or practice was the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900–01 (9th Cir. 2011).

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). A claim may also be based on a "policy of inaction," including "failure to implement procedural safeguards to prevent constitutional violations," though to make this showing the plaintiff must show, in addition to a constitutional violation, that the policy of inaction amounted to "deliberate indifference" to the plaintiff's constitutional right. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012).

Plaintiff does not allege that she was taken to the Butte County Jail, rather than the Behavioral Crisis Unit, despite her mental instability, pursuant to a Butte County policy, custom or practice. Plaintiff does not allege any other instances of persons improperly taken to the Butte County Jail rather than the Behavioral Crisis Unit. Therefore, had plaintiff named Butte County as a defendant, the undersigned would find that plaintiff failed to state a potentially colorable claim for relief against this defendant.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which she complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to appoint a district judge to this action;

2. Plaintiff's application to proceed in forma pauperis is granted;

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action; and

IT IS HEREBY RECOMMENDED that plaintiff's claims alleging violations of her constitutional rights related to her criminal proceedings be dismissed as duplicative of the claims raised in 2: 22-cv-0471 JDP.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 25, 2022

                                                 KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

Meeks472.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI SERENE OPAL MEEKS,<br><br>    Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY SHERIFF'S DEPT., et al.,<br><br>    Defendants. | No. 2: 22-cv-0472 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

                             _____
                             Plaintiff

7